ELIZABETH ROOKER V. CHAS. O. DEMERIT.

RIGHT OF TENANT TO DISPUTE LANDLORD'S TITLE.

While it is true that a tenant cannot dispute his landlord's title, yet he may show that his landlord's title has lapsed, or that he (the landlord) has abandoned the lease.

ERROR to the Court of Common Pleas of Lake county.

FRAZIER, J.

This is an action of forcible detention. The plaintiff, Rooker, recovered a judgment of restitution and for costs before the magistrate, which judgment was reversed by the common pleas court, and a judgment for costs was rendered in favor of the defendant. To reverse the judgment of the common pleas, the original plaintiff, who is now the plaintiff in error, comes into this court with a petition in error.

It appears that the court below found that there was error in the proceedings in the justice's court in this, to-wit: That said justice erred in excluding evidence offered by the defendant on the trial.

After the plaintiff had rested her case, the defendant offered to prove that he had attorned to another and that the plaintiff had assented thereto; that the plaintiff had abandoned the lease; that she had said in a previous conversation, that she would "have nothing more to do with it;" that the plaintiff had no title to the premises; that he (defendant) did not at the beginning of his last term go into possession under a lease from plaintiff, but by virtue of a lease from the person who did in fact hold the title to the premises.

All this was excluded.

It is argued that a tenant cannot dispute his landlord's title, and this is good law. But is there not a manifest distinction between showing that the landlord's title has lapsed, and disputing his title? Or in showing that he has abandoned his lease? Or that he in fact has *no* title?

---

*This case was affirmed by Supreme Court as Nettleton v. Hulett, without report Nov. 30, 1886.

We think that the evidence was competent, and that it does not fall within the rule so strenuously contended for by counsel. The judgment of the common pleas is therefore affirmed.

Judge Bosworth, for plaintiff in error.

Alvord & Alvord, for defendant in error.